```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH P. CARROLL LIMITED,                :
                                          :
                            Plaintiff,    :      09 Civ. 3174 (SHS)
                                          :      MEMORANDUM OPINION AND
                                          :      ORDER
              -against-                   :
                                          :
CRAIG BAKER,                              :
                                          :
                            Defendant.    :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

This declaratory judgment action arises out of a dispute between Joseph P. Carroll Limited, an art collector and dealer, and Craig Baker, an art collector and investor, over the ownership of the painting *Untitled* (1943) by John D. Graham. In advance of trial—which has been set for April 25, 2012—Carroll Limited's attorney, Jeffrey A. Udell, requested that the Court quash the subpoena served by defendant Craig Baker on David B. Goldstein, an attorney who represents non-party Earl Davis in a separate litigation by Davis against Carroll Limited and Joseph Carroll, its principal. (Letter from Jeffrey A. Udell to Hon. Sidney H. Stein dated April 4, 2012.) Carroll Limited argues that the subpoena is an improper attempt to obtain discovery in this action after the discovery deadline. Baker responds that the subpoena requests documents to be used solely for impeachment and rebuttal at the upcoming trial. Because the subpoena is a trial subpoena that is limited in scope, the application to quash the subpoena is denied.

I.    **BACKGROUND**

    *A.    This Action*

In July 2000, Baker consigned the painting at issue to Salander-O'Reilly Galleries. (*See* Def.'s Ans. ¶ 14.) Baker alleges that the consignment agreement between himself and Salander-

1

O'Reilly Galleries provided that that gallery would not sell the painting for less than $250,000. (Ans. ¶ 15.) In January 2007, Carroll Limited purchased the painting from Salander-O'Reilly Galleries for $105,000. (*See* Compl. ¶¶ 11-13.) Approximately two years after the sale of the painting, Carroll Limited filed this action seeking a declaratory judgment declaring that it has proper title to the painting because it bought the painting as a "buyer in ordinary course of business" pursuant to the New York Uniform Commercial Code. (Compl. ¶¶ 1, 26.) Defendant responds that plaintiff knew, or should have known, that Salander-O'Reilly Galleries did not hold title to the painting, and that, as a result, plaintiff was not a "buyer in ordinary course of business" as defined by the New York Uniform Commercial Code. (Def.'s Ans. ¶ 3 at 9.) Defendant alleges, *inter alia*, that Carroll Limited knew, or should have known, that the consideration it paid for the painting was far below its fair market value. (Def.'s Ans. ¶ 29 at 14.)

In May 2011, the Court set the deadline for fact discovery at June 30, 2011 and the deadline for expert discovery at July 31, 2011. (Memo Endorsement dated May 27, 2011, dkt. entry no. 21.) The Court later extended the expert discovery deadline until October 14. (Order dated August 3, 2011, dkt. entry no. 27.) In November 2011, Carroll Limited moved for summary judgment; the Court subsequently denied that motion (Order dated January 20, 2012, dkt. entry no. 43) and set the trial date for April 25, 2012 (Order dated March 12, 2012, dkt. entry no. 46).

  B. *The Challenged Subpoena*

The subpoena at issue commands Goldstein to produce to Baker's attorney a copy of the deposition transcript of Joseph Carroll in two ongoing lawsuits, *Earl Davis v. Joseph P. Carroll and Joseph P. Carroll Limited*, No. 09 Civ. 01088 (S.D.N.Y.) and *Morton A. Bender and John*

2

*McEnroe v. Joseph P. Carroll and Joseph P. Carroll Limited*, Index No. 601375/09 (Sup. Ct. N.Y. County). (*See* Copy of Subpoena attached to Udell Letter.) The subpoena, dated April 3, 2012, is returnable on April 12, 2012. (*Id.*)

Defendant's counsel, Kirk Griffin, claims that Goldstein possesses the transcripts of both depositions and is willing to provide Griffin with copies, but cannot do so "absent (a) Mr. Udell's approval or (b) subpoena because of a 'confidentiality' agreement between Mr. Udell and himself." (Letter from Kirk Y. Griffin to Hon. Sidney H. Stein dated April 5, 2012 at 2.) Griffin avers that he did not discover that Carroll's deposition had been taken in the *Davis* and *McEnroe* cases until early last month and that he intends to use the deposition testimony solely for "impeachment and/or rebuttal" at trial. (*Id.* at 2, 4.)

The *Davis* and *Bender* lawsuits involve allegations that are very similar to the allegations in this case. In both the *Davis* and the *Bender* lawsuits, the plaintiffs allege that Carroll Limited and Joseph P. Carroll purchased artwork from Salander-O'Reilly Galleries that rightfully belonged to the plaintiffs. (*See Davis* Compl. dated February 6, 2009; *Bender* Compl. dated May 5, 2009.) In each case, the plaintiffs claim that the Carroll parties were not buyers "in ordinary course of business" and that they knew, or should have known, that the consideration paid for the disputed artwork was far below its fair market value. (*See Davis* Compl. ¶ 34, 36; *Bender* Compl. ¶ 32-33, 43.) Salander-O'Reilly Galleries subsequently entered bankruptcy proceedings and Lawrence Salander, its principal, has been convicted of state crimes related to the operation of that gallery. Salander is currently incarcerated.

## II. DISCUSSION

Motions to quash a subpoena are "entrusted to the sound discretion of the district court." *Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003) (per curiam) (citing *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

Carroll Limited challenges the subpoena on the basis that it was issued ten months after the close of fact discovery in this action. (Udell Letter at 2; *see also* Memo Endorsement dated May 27, 2011, dkt. entry no. 21.) It is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 "as a means to engage in discovery after the discovery deadline has passed." *McKay v. Triborough Bridge and Tunnel Auth.*, 2007 No. 05 Civ. 8936, U.S. Dist. LEXIS 81722, at *3-4 (S.D.N.Y. November 5, 2007); *see also Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. November 29, 2005).

Although the subpoena requests that the documents be produced not at trial, but instead approximately two weeks prior to trial, it is, in essence, a trial subpoena, and not one issued for discovery purposes.[1] *See Malmberg v. United States*, No. 06-CV-1042, 2010 U.S. Dist. LEXIS 28784, at *6-9 (N.D.N.Y Mar. 24, 2010). Trial subpoenas may be issued after the close of discovery for "trial preparation," *see Revander v. Denman*, No. 00 Civ. 1810, 2004 U.S. Dist. LEXIS 628, at*2-3 (S.D.N.Y. Jan. 21, 2004); *see also Circle Group, L.L.C. v. Southeastern Carpenters Reg'l Council*, No. 1:09-cv-3039, 2011 U.S. Dist. LEXIS 149176, at *49-50 (N.D. Ga. Dec. 28, 2011), and in this action Griffin states specifically that he intends to use the transcripts not to seek additional information, but rather to use them at trial to impeach plaintiff's credibility. Where a party "intends to use the documents it has requested in these subpoenas for

---

[1] Indeed, to the extent production of the transcripts two weeks in advance of trial will obviate the potential need to set aside time during the trial proceedings to allow defendant's counsel to review the transcripts, the earlier return date is preferable from a trial administration standpoint.

4

cross-examination and impeachment only, they are properly classified as trial subpoenas." *Malmberg*, 2010 U.S. Dist. LEXIS 28784, at *7.

Because this is a trial subpoena which is limited in scope and will not lead to additional discovery or delay the trial date of this action, the request to quash the subpoena is denied. *See Malmberg*, 2010 U.S. Dist. LEXIS 28784, at *6-9 (denying motion to quash a subpoena where the requesting party "intends to use the documents it has requested in these subpoenas for cross-examination and impeachment only" and "the subpoenas are very limited in scope"); *see also Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 75 (D.D.C. 2010) (noting that district courts may approve trial subpoenas *duces tecum* "that request only those documents necessary to impeach a witness or prepare for cross-examination"); *LNC Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584, 2000 U.S. Dist. LEXIS 11926, at *7 (S.D.N.Y. Aug. 18, 2000) (defendants were entitled to a trial subpoena after the close of discovery for the purpose of cross-examination at trial).

### III. CONCLUSION

Plaintiff's application to quash the subpoena is denied for the reasons set forth above.

Dated: New York, New York
April 12, 2012

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

5